UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON EVANS,

     Plaintiff,

v.                                             Case No. 11-11450

MERCEDES BENZ FINANCIAL           HONORABLE AVERN COHN
SERVICES, LLC,

     Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
### (Doc. 8)
### AND
### DISMISSING CASE[1]

### I.  Introduction

This is a consumer rights case.  Plaintiff Milton Evans, proceeding pro se, filed a

complaint against Mercedes Benz Financial Services, Inc. (MBFS)[2] asserting a claim

under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. and various tort

related claims.

Before the Court is MBFS's motion to dismiss.  For the reasons that follow, the

motion will be granted.

### II.  Background

MBFS is a Delaware limited liability company with its headquarters located in

---

[1]The Court deems this matter appropriate for decision without oral argument.
See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

[2]Although plaintiff named Mercedes Benz Financial Services, LLC as defendant,
the properly named party is Mercedes-Benz Financial Services USA, LLC.

Michigan.  MBFS provides consumers with credit financing for the lease and retail purchase of Mercedes-Benz vehicles.  At some point, plaintiff, who resides in Georgia, entered into a Retail Installment Contract (RIC) for the purchase of a 2001 Mercedes-Benz S Class Sedan, which MBFS financed.

On January 19, 2009, plaintiff filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Southern District of Georgia.  MBFS was listed as a secured creditor on the petition, which showed the amount of the claim at $2,500.00.

On April 6, 2011, plaintiff sued MBFS.  The complaint asserts several claims, phrased by plaintiff as follows:  (1) FCRA claims; (2) negligent, reckless and wanton conduct; (3) harassment; (4) invasion of privacy; (5) defamation; and (6) intentional misrepresentation.  Although difficult to discern, plaintiff appears to contend that his filing of a Chapter 7 Bankruptcy petition, which was later converted to a Chapter 11 petition, imposed an obligation on MBFS to alter its reporting of plaintiff's debt to the credit bureaus.

On May 3, 2011, plaintiff's bankruptcy was discharged, approximately one month after the complaint was filed.

### III.  Legal Standard

In facing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), a complaint must be

2

dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." (rejecting the traditional Rule 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555-56 (citations omitted).  See also Ashcroft v. Iqbal, 556 U.S. —, 129 S.Ct. 1937 (2009).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007).  Here, the Court has considered documents that are referenced in the complaint and central to plaintiff's claims.

IV.  Analysis

A.  Initial Comments

MBFS argues that the complaint should be dismissed because it does not comply with requirement under Fed. R. Civ. P. 8(a)(2) that it contain a short and plain statement of the claims showing entitlement to relief.  MBFS also contends that the complaint fails to comply with Fed. R. Civ. P. 10(b) because it does not set forth claims in numbered paragraphs.

While these arguments are well-taken, the Court declines to dismiss the

3

complaint on these grounds.  It is well established that courts should liberally construe complaints filed by pro se parties, and they should not hold them to the same stringent standard required of licensed attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a pro se plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).  Meaning, a plaintiff still must allege a set of facts that would establish the material elements of a claim.  Twombly, 550 U.S. 544, 556.  Indeed, a plaintiff must plead facts that allow the court to infer that the defendant is liable for the misconduct alleged.  Fabian v. Fulmer Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010). As explained below, plaintiff's complaint does not comply with Rule 12(b)(6).  Each claim is addressed in turn.

### B.  FCRA

Plaintiff asserts a claim under the FCRA.  MBFS says that the claim has no basis in fact and should be dismissed.  "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory."  Weiner v. Kleis & Co., 108 F.3d 86, 88 (1997).  While plaintiff asserts that MBFS "violated multiple provisions" of the FCRA, he fails to cite any specific provisions of the FCRA that MBFS breached.  Absent such basic pleading information, plaintiff has not stated a claim under Rule 12(b)(6).

Moreover, any FCRA claim is belied by the facts in the complaint and accompanying documents.  Plaintiff owed a debt to MBFS.  Plaintiff does not dispute this.  He listed the debt on the bankruptcy petition.  MBFS, as it is entitled to do, periodically reported plaintiff's debt to credit reporting bureaus.  Although plaintiff had filed a bankruptcy petition, there had been no discharge of his debt(s) until May 3, 2011,

4

more than a month after the complaint was filed.  The FCRA contains no provision requiring MBFS to report the mere filing of a bankruptcy petition to credit reporting agencies.

Plaintiff makes vague allegations of improper action by MBFS, but fails to assert specific factual allegations to support his claims of wrongdoing.  This is insufficient.  For example, plaintiff alleges that MBFS "willfully and/or negligently [reported] information it knew to be false as it related to Plaintiff's debt."  This allegation fails to identify the false information allegedly reported.  Second, plaintiff alleges that MBFS refused "to properly update Plaintiffs' [sic.] accounts."  However, plaintiff obtained a discharge on May 3, 2011, after the filing of the complaint.  The FCRA does not require a furnisher of information, such as MBFS, to report to a credit reporting agency that a debtor has filed for bankruptcy.  Thus, as of the date of the complaint, there was nothing for MBFS to update regarding plaintiff's account and plaintiff's allegation cannot form the basis for a plausible claim.

Third, plaintiff alleges that MBFS failed "to show the accounts as being discharged in Chapter 7 Bankruptcy."  This allegation is not correct.  Again, the bankruptcy court docket shows that plaintiff's bankruptcy petition was still pending when plaintiff filed the complaint.  Plaintiff did to not obtain a discharge until May 3, 2011.

Finally, plaintiff alleges that MBFS reported "an invalid debt on Plaintiffs' [sic.] credit reports."  However, his debt remained valid because plaintiff defaulted on the RIC and had not been discharged in bankruptcy as of the date of the complaint.  This allegation cannot form a claim for relief under the FCRA.

5

Overall, plaintiff has not stated a plausible claim under the FCRA.[3]

### C.  Negligent, Reckless, and Wanton Conduct

Plaintiff asserts a claim entitled "Negligent, Reckless, and Wanton Conduct." MBFS says he fails to state a viable claim.  The Court agrees.

Plaintiff does not set forth the elements of negligence and does not state any allegations to meet the relevant elements.  To assert a claim of negligence plaintiff must show (1) the breach of a duty MBFS owed to plaintiff; (2) that plaintiff suffered damages; and (3) that MBFS was the actual and proximate cause of plaintiff's damages.  Roulo v Automobile Club of Michigan, 386 Mich 324, 328 (1971).

Here, plaintiff simply alleges that MBFS' alleged FCRA violations constitute negligence.  The FCRA does not require MBFS to furnish information regarding plaintiff's bankruptcy petition unless the debt was discharged.  Therefore, MBFS has not breached any duty to plaintiff under the FCRA or otherwise when the complaint was filed.  Additionally, plaintiff's only assertion of damages appears to be that of emotional distress.  However, negligent infliction of emotional distress is not an actionable tort

---

[3]Plaintiff's reliance on the Court's decision in Elsady v. Rapid Global Bus. Solutions, Inc. No. 11-11450, 2010 WL 2740154 (E.D. Mich. July 12, 2010) is misplaced.  In Elsady, the Court held that, because the plaintiff "failed to create a genuine issue of material fact with respect to the technical accuracy or misleading nature of the corrected reports issued by [defendant], it is entitled to summary judgment with respect to [plaintiff's] claims of willful and negligent violations of the FCRA."  2010 WL 2740154, *10.  In its general discussion of the FCRA, the Court merely recited the relevant statutory provisions and noted that a furnisher's (of credit information) general failure to comply with the specific subsections at issue allows a consumer to maintain a cause of action.  Id.  The Court did not address whether a report that is facially or technically accurate warrants a violation under the FCRA.  Id. at *7.  Finally, and significantly, the sufficiency of the allegations in the complaint were not at issue; the issue was whether the plaintiff was entitled to summary judgment.

where, as here, plaintiff alleges to have been injured by publication of false statements about him.  Duran v. Detroit News, Inc., 200 Mich. App 622, 629 (1993)(holding that the plaintiff could not recover damages for negligent infliction of emotional distress against a defendant newspaper when the defendant published allegedly false facts against the plaintiff).  As such, plaintiff has not set forth any facts to assert a plausible claim for negligence.

### D.  Harassment

Plaintiff alleges that MBFS's purported acts constitute harassment that has caused him emotional distress.  Plaintiff, however, fails to set forth the elements of "harassment" or intentional infliction of emotional distress and does not any provide factual assertions to meet the requisite elements.  A successful claim for intentional infliction of emotional distress requires extreme and outrageous conduct.  Roberts v. Auto-Owners Ins. Co., Inc., 422 Mich 594, 602 (1985).  The threshold of extreme and outrageous conduct is extremely high.  The conduct must be so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Ross v. Burns, 612 F.2d 271, 273 (6th Cir. 1980) quoting Restatement (Second) of Torts § 46 (1948).

Here, as explained above, MBFS acted properly as the FCRA imposes no obligation to report the mere filing of a bankruptcy petition.  Even if MBFS had such an obligation under the FCRA, its reporting actions would have fallen far short of the required extreme and outrageous standard necessary to make out a claim of intentional infliction of emotional distress.  As such, plaintiff has not alleged a viable harassment claim.

7

E.  Invasion of Privacy

MBFS also says that plaintiff has not alleged a claim for invasion of privacy.  The Court agrees.  Plaintiff does not set forth the elements of invasion of privacy and does not provide facts to establish the requisite elements.  Moreover, under the FCRA, furnishers of information, such as MBFS, have a "duty to provide accurate information" to the credit reporting bureaus. 15 U.S.C. § 1681s-2.  Therefore, it cannot be an invasion of privacy to publish information regarding plaintiff's credit history with MBFS.  Plaintiff appears to base his claim on the fact that MBFS disclosed information regarding him.  This misses the point of intrusion.  Disclosure alone is not enough to establish intrusion.  See Doe v Mills, 212 Mich. App 73, 89 (1995).  Rather the means of procuring information is the crux of a claim for intrusion.  Id.  Here, MBFS did nothing intrusive in obtaining the fact of plaintiff's debt.  MBFS simply reported the fact of plaintiff's debt, which it was obligated to do under the FCRA.  MBFS's publishing of information regarding plaintiff's credit history cannot constitute an invasion of privacy where it is statutorily mandated to provide such information.  As such, plaintiff has not stated a plausible claim for invasion of privacy.

Moreover, to the extent plaintiff is claiming false light, he also fails to state a claim.  To establish false light, plaintiff must establish facts showing that MBFS portrayed him in a false light.  Porter v City of Royal Oak, 214 Mich. App 478, 487 (1995).  MBFS reported true statements, that it provided financing to plaintiff and that plaintiff defaulted on the terms of its repayments.  Therefore, plaintiff has not alleged facts sufficient to establish that MBFS portrayed him in a false light, where the statements made were true and accurate.

8

F.  Defamation

Plaintiff has also failed to state a claim for defamation.  Plaintiff again does not enumerate the necessary elements of defamation and further fails to allege any factual allegations to satisfy the these elements.  Rather, plaintiff simply alleges that MBFS failed "to notate that Plaintiffs [sic.] accounts were in Bankruptcy," without explaining the purported defamatory statement.  While plaintiff filed for bankruptcy, his petition had not been discharged when he filed the complaint, even though plaintiff alleged otherwise.  As explained above, under the FCRA, MBFS has no obligation to report that plaintiff filed a bankruptcy petition.  Truth is an absolute defense to any claim of defamation. Porter, 214 Mich. App at 485–486.  As such, this claim must be dismissed.

G.  Intentional Misrepresentation

Finally, plaintiff's claim for intentional misrepresentation fails to state a claim. Plaintiff does not set forth the elements of misrepresentation and does not provide any facts to establish the elements.  Both intentional misrepresentation and negligent misrepresentation require a false representation of fact relied upon by plaintiff to his detriment.  Kuebler v Equitable Life Assurance Soc'y of the United States, 219 Mich. App 1, 6 (1996); Law Offices of Lawrence J Stockler, PC v. Rose, 174 Mich. App 14, 33 (1989).  MBFS has not made any misrepresentation; it simply reported that plaintiff owes MBFS a debt defaulted on the RIC.  This fact is not disputed.  Second, even if MBFS's reporting had been inaccurate, it would be a third party, not plaintiff, who would rely on any representation reported on plaintiff's credit report.  Overall, plaintiff has not alleged a plausible claim for relief for intentional misrepresentation.

9

V.  Conclusion

For the reasons stated above, MBFS's motion is GRANTED.  This case is

DISMISSED.

SO ORDERED.


Dated:  July 21, 2011                   S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Milton Evans
2728 Sandalwood Circle, Locust Groce, GA 30248 and the attorneys of record on this
date, July 21, 2011, by electronic and/or ordinary mail.


                                        S/Julie Owens
                                        Case Manager, (313) 234-5160